# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARVIN SPRY,
*Defendant-Appellant.*

No. 01-4789

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GRACIE FLOSSIE SPRY,
*Defendant-Appellant.*

No. 01-4817

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-01-11)

Submitted: April 30, 2002

Decided: May 23, 2002

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John Kevin West, MCCOY & WEST, Lexington, Kentucky; Charles R. Coy, COY, GILBERT & GILBERT, Richmond, Kentucky, for

Appellants. Kasey Warner, United States Attorney, R. Booth Goodwin, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Marvin Spry and Gracie Flossie Spry appeal their convictions and sentences for their roles in a large scale conspiracy to distribute marijuana and cocaine. A seven count indictment charged Marvin and Gracie Spry with conspiring to distribute in excess of 100 kilograms of marijuana (Count I), and more than 500 grams of cocaine (Count VII), in violation of 21 U.S.C. § 846 (1994). In addition, the indictment charged Marvin Spry with possession of more than fifty kilograms marijuana with intent to distribute in violation of 21 U.S.C. § 841(a) (1994) (Count II), money laundering in violation of 18 U.S.C. § 1956 (1994) (Count III), aiding and abetting possession with intent to distribute an unspecified amount of marijuana in violation of 21 U.S.C. § 841(a) (Count IV & V), and intimidation of a potential witness against him in violation of 18 U.S.C. § 1512(b)(3) (1994). The indictment arose out of the Sprys' participation in a large scale conspiracy to distribute marijuana and cocaine centered on the family's fifty acre tract in southern West Virginia. After a joint trial, Marvin Spry was convicted on all seven counts of the indictment and Gracie Spry was convicted on both counts lodged against her.

In challenging his conviction, Marvin Spry first contends that the district court erred in declining to dismiss the charges against him in this case based on the terms of a plea agreement governing his entry of a guilty plea in a prior criminal action. We review the district court's interpretation of the plea agreement de novo. *United States v. Harvey*, 791 F.2d 294, 300-01 (4th Cir. 1986). Even under the height-

ened standard to which the Government is held in reviewing the terms of a plea agreement, *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997), the language of the prior plea agreement does not bar the second unrelated prosecution relating to the controlled substance conspiracy. The plea agreement, by its terms, referred only to a firearm offense stemming from a shooting at the Spry residence. The prosecution based on the drug distribution conspiracy was separate from and not governed by the plea agreement. The district court did not err in declining to dismiss the indictment against Marvin Spry.

Both Marvin and Gracie Spry next suggest that the district court erred determining the drug quantity used to reach the appropriate sentences. The Sprys contend that the district court erred by failing to submit to the jury a specific amount of controlled substances prior to reaching a sentencing decision. The Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. *Id.* at 490. In this case, the drug quantities were charged in the indictment and submitted to the jury on a special verdict form. The jury found the Sprys guilty of conspiring to distribute more than 100 kilograms of marijuana, found Marvin Spry guilty of aiding and abetting the possession of more than fifty kilograms of marijuana, and found both Sprys guilty of conspiring to distribute more than 500 grams of cocaine.

In suggesting that the district court erred in determining the applicable Offense Level under the Sentencing Guidelines, the Sprys contend that the district court was limited to the smallest amount of controlled substance found by the jury on each of the counts. However, *Apprendi* does not apply to a judge's exercise of discretion within a statutory range so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *See United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). In each count of conviction involving an element increasing the penalty for the crime, the Sprys' sentences were not set beyond the statutory maximum for the amount found by the jury. Neither did the district court commit clear error in arriving at a quantity of controlled substances to determine the base Offense

Level under the Sentencing Guidelines. *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). Consequently, there is no reversible error in the district court's imposition of sentences on the counts of conviction.

Finally, we have no difficulty in concluding that the district court did not abuse its discretion in denying Gracie Spry's motion for severance. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). Gracie Spry failed to demonstrate that she would be unduly prejudiced by the joint prosecution. *See United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984) (holding defendant must make strong showing of prejudice). Nor was there clear error in the district court's failure to instruct the jury regarding multiple conspiracies. *United States v. Mills*, 995 F.2d 480, 485 (4th Cir. 1993). Gracie Spry is ultimately unable to demonstrate that she was involved in a separate conspiracy unrelated to the overall conspiracy charged in the indictment. *United States v. Howard*, 115 F.3d 1151, 1157 (4th Cir. 1997); *United States v. Kennedy*, 32 F.3d 876, 884 (4th Cir. 1994).

Finding no merit to the Sprys' claims of error on appeal, we affirm their convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*